IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL LAVON GIPSON, TDCJ NO. 1173791, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-0198 |
| LAYTON W. DUER, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

State prison inmate Michael Lavon Gipson (TDCJ No. 1173791) has filed a civil rights complaint seeking damages and a declaratory judgment against his former trial attorney. The court will dismiss the complaint because the claims have no basis in law.

**I.   Facts, Allegations, and Claims**

Gipson is currently serving a thirty-five year sentence for aggravated robbery. State v. Gipson, No. 905482 (176th Dist. Ct., Harris County, Tex., May 28, 2003). Gipson filed an appeal after a jury convicted and sentenced him. The Court of Appeals for the First District of Texas affirmed the trial court's judgment. Gipson v. State, No. 01-03-00581-CR, 2004 WL 1065428 (Tex. App. – Houston [1st Dist.] 2004, pet. ref'd) (not designated for publication).

Gipson filed an application for a writ of habeas corpus, which the Texas Court of Criminal Appeals denied based on findings of the trial court without a hearing. Ex parte Gipson, Appl. No. 63,242-01 (Tex. Crim. App. Feb. 22, 2006). Gipson then filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was dismissed after the court granted the respondent's motion for summary judgment. Gipson v. Quarterman, Civil Action No. H-06-0987 (S.D. Tex. 2007).

In this action Gipson alleges that he requested his client file from his trial attorney, Lawton W. Duer. Gipson's appellate attorney told him that he would ask Duer to turn over the records, but Duer refused to relinquish the file. Gipson tried many avenues, including filing complaints with the State Bar of Texas. Gipson also filed a petition for a writ of mandamus with the First Court of Appeals asking for an order directing Duer to give Gipson his client file. The Court of Appeals denied the petition. In re Gipson, No. 01-08-00477-CR, 2008 WL 2548446 (Tex. App.—Houston [1st Dist.] 2008).

Gibson alleges that Duer finally wrote him a cryptic letter in 2011 informing him that he was no longer practicing law in Houston and that the file was destroyed when he left Houston (Docket Entry No. 4-2, p. 4). Gipson complains that Duer breached his fiduciary duty and contractual obligations by failing to turn the records over to him. He contends that Duer's actions violated his constitutional rights by denying him access to the record, which

was necessary for his appeal and habeas challenges. Gipson seeks an order directing Duer to file an affidavit acknowledging Duer's wrongs and granting Gipson compensation for Duer's actions (Docket Entry No. 1, p. 4).

## II. **Analysis**

To state a claim under 42 U.S.C. § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys, 675 F.3d 849, 854-55 (5th Cir. 2012), citing James v. Tex. Collin Cnty., 535 F.3d 365, 373 (5th Cir. 2008). Gipson cannot assert a civil rights claim against Duer because his former defense attorney was not a state actor. Uresti v. Reyes, 506 F. App'x 328, 329 (5th Cir. 2013), citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996), citing Polk County v. Dodson, 102 S. Ct. 445, 453-54 (1981); Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988).

In addition, Gipson challenges a state court conviction. A suit for damages under section 1983 must be dismissed when the plaintiff is attacking the validity of his conviction and he has not shown that the conviction has been reversed or overturned. Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). The available records and Gipson's own allegations show that his state court

conviction remains intact. Moreover, Gipson's federal habeas challenges have been previously rejected. Therefore, this action has no legal basis under Heck. Boyd v. Biggers, 31 F.3d 279, 282 n.2 (5th Cir. 1994).

Gipson has filed this action as a pauper. Under the provisions of 28 U.S.C. § 1915(e), district courts are authorized to dismiss in forma pauperis complaints if they are frivolous. Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). A complaint is frivolous if it lacks an arguable basis in law. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). This complaint is **DISMISSED** as frivolous.

### III. Pauper's Application

Gipson's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**; however, Gipson is obligated to pay the entire filing fee ($350.00) pursuant to the Prison Litigation Reform Act. 28 U.S.C. § 1915(b).

The TDCJ Inmate Trust Fund is **ORDERED** to withdraw funds from Gipson's inmate trust account (TDCJ No. 1173791); deduct 20% of each deposit made to the account; and forward the funds to the District Clerk on a regular basis in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

### IV. Motion for Appointed Counsel

Gipson has moved for court-appointed counsel (Docket Entry No. 3). A civil rights plaintiff has no automatic right to the

appointment of counsel. See Hulsey v. State of Texas, 929 F.2d 168, 172-73 (5th Cir. 1991), citing Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). The appointment of counsel is not required unless a case presents exceptional circumstances. See Hulsey, 929 F.2d at 173, citing Ulmer, 691 F.2d at 212-13. Other than pointing to his pauper status and the fact of his confinement, Gipson only asserts that the facts of his case are complex and that he has a limited understanding of the law. The motion shall be denied because Gipson has failed to show any exceptional circumstances that would warrant appointment of counsel. McFaul v. Valenzuela, 684 F.3d 564, 581 (5th Cir. 2012).

## V. Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct 20 percent from each deposit made to the account of Michael Lavon Gipson (TDCJ No. 1137791) and forward the funds to the Clerk of this court on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

3. The prisoner civil rights complaint (Docket Entry No. 1), filed by inmate Michael Lavon Gipson (TDCJ No. 1173791) is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

4. The Motion for Appointment of Counsel (Docket Entry No. 3) is **DENIED**.

5. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 60, Huntsville, Texas 77342-0060; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 31st day of January, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE